**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEJONAH POLLARD, | No. 2:14-CV-0563-WBS-CMK |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action under

42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

Pending before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's

cross-motion for summary judgment (Doc. 17).

/ / /

/ / /

/ / /

/ / /

/ //

1

# I.  PROCEDURAL HISTORY

Plaintiff initially received social security benefits based on disability as a child. When plaintiff reached age 18, eligibility for benefits was redetermined under the rules for adult disability.  On March 1, 2011, it was determined that plaintiff was no longer disabled as of that date.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on August 22, 2012, before Administrative Law Judge ("ALJ") Peter F. Belli.   In a September 28, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1.  The claimant has the following severe impairment since March 1, 2011: borderline intellectual functioning.

2.  Since March 1, 2011, the claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations.

3.  Since March 1, 2011, the claimant has the following residual functional capacity: the claimant can perform the full range of work at all exertional levels, with the following non-exertional limitations: the claimant is precluded from working with concentrated dusts, odors, and fumes; the claimant has no limitations on the ability to receive, remember, understand, and carry out simple job instructions; the claimant is limited to occasionally being able to receive, remember, understand, and carry out detailed job instructions; the claimant is unable to process complex job instructions; the claimant is able to frequently adjust to changes in the workplace; the claimant has no limitations on the ability to interact appropriately with the general public, co-workers, and supervisors; the claimant is able to make workplace adjustments and workplace judgments.

4.  Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform since March 1, 2011.

After the Appeals Council declined review on December 31, 2013, this appeal followed.

/ / /

/ / /

/ / /

/ / /

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

In her motion for summary judgment, plaintiff generally argues that she remains disabled because "mental retardation is an unvarying condition" and that the ALJ erred in denying continued benefits because no medical improvement occurred.  More specifically, plaintiff contends that Social Security Ruling 11-2p required the ALJ to compare her most recent mental evaluations with the evaluations used to determine she was disabled as a child, and that

1    the ALJ erred in failing to do so.  She also argues that the ALJ erred in concluding that Listing

2    12.05 does not apply.

3            At the outset, the court disagrees with the gravamen of plaintiff's arguments in

4    general that the ALJ was required to consider whether medical improvement occurred.  As

5    defendant correctly notes, the medical improvement analysis does not apply in cases where a

6    child's disability is redetermined upon a claimant reaching age 18.  See 20 C.F.R. § 416.987(b);

7    see also SSR 11-2p (noting that the agency does ". . .not use the medical improvement review

8    standard. . .in age 18 redeterminations").  The ALJ accurately set forth the applicable review

9    standard as follows:

> Section 1614(a)(3)(H) of the Social Security Act (the Act) provides that
> individuals who are eligible for supplemental security income benefits as
> children (individuals who have not attained age 18) for the month
> preceding the month in which they attain age 18 must have their disability
> redetermined under the rules for disability used for adults.
>
> Section 1614(a)(3)(H) of the Act also provides that the medical
> improvement review standard in section 1614(a)(4) does not apply to
> disability redeterminations at age 18.  Instead, the definition of disability
> used for adults who file new applications for supplemental security income
> payments based on disability must be applied.

16   The court rejects plaintiff's argument that the ALJ misapplied SSR 11-2p.

17           Plaintiff also argues that the ALJ erred in determining that Listing 12.05 does not

18   direct a finding of disabled.  The Social Security Regulations "Listing of Impairments" is

19   comprised of impairments to fifteen categories of body systems that are severe enough to

20   preclude a person from performing gainful activity.  Young v. Sullivan, 911 F.2d 180, 183-84

21   (9th Cir. 1990); 20 C.F.R. § 404.1520(d).  Conditions described in the listings are considered so

22   severe that they are irrebuttably presumed disabling.  20 C.F.R. § 404.1520(d).  In meeting or

23   equaling a listing, all the requirements of that listing must be met.  Key v. Heckler, 754 F.2d

24   1545, 1550 (9th Cir. 1985).

25   / / /

26   / / /

1         Listing 12.05 relates to intellectual disability.  The listing is satisfied and a

2 claimant is considered disabled if any one of four conditions is satisfied.  These four conditions

3 set forth in the listing are:

4                Listing 12.05A       Mental incapacity evidenced by dependence upon others for

5                                          personal needs (e.g., toileting, eating, dressing, or bathing)
and inability to follow directions, such that the use of

6                                          standardized measures of intellectual functioning is
precluded.

7                Listing 12.05B       A valid verbal, performance, or full scale IQ of 59 or less.

8                Listing 12.05C       A valid verbal, performance, or full scale IQ of 60 through

9                                            70 and a physical or other mental impairment imposing an
additional and significant work-related limitation of

10                                          function.

11                Listing 12.05D       A valid verbal, performance, or full scale IQ of 60 through
70 resulting in at least two of the following: (1) Marked

12                                          restriction in activities of daily living; (2) Marked
difficulties in maintaining social functioning; (3) Marked

13                                          difficulties in maintaining concentration, persistence, or
pace; and (4) Repeated episodes of decompensation, each

14                                          of extended duration.

15 As to Listing 12.05, the ALJ stated: "[T]he current evidence of record does not support a finding

16 that the claimant meets or equals Listing 12.05 (Mental Retardation) based on a valid full scale

17 IQ of 73.

18         Substantial evidence of record supports the ALJ's finding regarding plaintiff's full

19 scale IQ score.  The ALJ discussed this evidence as follows:

20                The undersigned has given significant evidentiary weight to the findings of
the consultative examining psychologist, Dr. Richwerger, who evaluated

21                the claimant in February 2011.  The undersigned finds persuasive his
comprehensive and detailed report, with findings which are supported by

22                acceptable psychological testing, mental status examination, and interview
of the claimant.  The claimant reported being moody and that she has

23                difficulty with concentration.  She denied psychiatric treatment or
counseling.  She had special education assistance and graduated from high

24                school and was currently taking four classes at Sacramento City College.
She had been attending since August 2010, and thought she was doing

25                well.  She lives with her family, does household chores, gets around by
bus, goes to the gym, and goes dancing sometimes.

26

Mental status examination revealed the claimant's attention and concentration were normal, and a relative strength for the claimant. Understanding of instructions was within normal limits for simple tasks. She had some difficulty with complex tasks. Mood was depressed, anxious, and sad. She was fully oriented, cooperative, and pleasant. Thought process was logical and thought content was normal. Valid psychological testing revealed the claimant's full scale IQ was 73, placing her intellectual functioning in the borderline range. Dr. Richwerger's assessment was that the claimant would have slight to no impairment in her ability to perform simple and repetitive tasks (Exhibit 1F).

Given plaintiff's full scale IQ score of 73, the ALJ correctly concluded that Listing 12.05 does not apply.

### IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, the undersigned recommends that:

1.   Plaintiff's motion for summary judgment (Doc. 14) be denied;

2.   Defendant's cross-motion for summary judgment (Doc. 17) be granted; and

3.   The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE